The Honorable Jim Bob Steel Prosecuting Attorney Ninth Judicial District-West 219 N. Main, P.O. Box 548 Nashville, AR 71852
Dear Mr. Steel:
This is in response to your request for an opinion on the following questions:
 1. Are the employees of the Sevier County Municipal Court city employees or county employees?[1]
 2. Which governmental entity — city, county, or both — has the authority to set the salaries of municipal court employees?
 3. Which governmental entity has the authority to determine other budgetary items for the municipal court?
 4. Can Sevier County legally reimburse the city for health insurance premiums that the city has paid for the municipal judge without obligating the county for health insurance coverage for all part-time county employees?
 5. Are municipal judge candidates voted on by all Sevier County voters or only by voters of the City of DeQueen?
In response to your first question, according to my research there is no statutory or case law authority identifying these employees as either city or county employees for all purposes. As a general matter, it appears that they are considered court personnel. Arkansas Code Annotated § 16-17-108(jjjjj) (Repl. 1994) refers to the "personnel of all municipal courts" not covered by that section, in stating that the salaries of such personnel shall be as otherwise provided by law. While it is possible, depending upon the particular context, that they would be considered employees of one or the other political subdivision, there is no authority for their general status as either "city employees" or "county employees."
With regard to your second question. I assume from the statement of facts included in your correspondence that this question focuses on salary raises for the employees. While reference should be made to any specific statute applying to a particular position,[2] it is my opinion that in accordance with A.C.A. § 16-17-121 (Repl. 1994), the authority to increase the salaries of the DeQueen Municipal Court Judge and Clerk is vested in both the City of DeQueen and Sevier County. Section 16-17-121
states:
 (a) In the event the Arkansas General Assembly establishes a uniform procedure for civil practice in the municipal courts of Arkansas and therein establishes a municipal court cost fund to be used exclusively for the operation and expenses of the municipal court, any municipal court judge's, clerk's, or other employee's salary authorized by § 16-17-108 may be increased from the minimum salary upward to any amount not exceeding the maximum salary authorized in § 16-17108 and may be paid from the fund as set forth hereafter.
 (b) The city council or the county quorum court, or both, if authorized, of the local governmental jurisdictions responsible for paying the salaries of the municipal court judge, clerks, and other employees may authorize salary increases for the various court personnel as authorized above after considering the following factors:
 (1) The amount and availability of funds in the municipal court cost fund;
(2) The volume of caseload;
 (3) The backlog of cases, if any, on the court docket;
(4) The time required in dealing with cases;
(5) The skill required in dealing with cases; and
 (6) The amount of time taken away from the judge's private practice, if applicable.
The General Assembly did establish a uniform procedure for civil practice in the municipal courts and has established a "municipal court cost fund." See A.C.A. § 16-17-701 et seq. (Repl. 1994). Section 16-17-121 is thus operative and, in my opinion, may reasonably be construed to provide that both the city and the county have authority to increase the salaries authorized in §16-17-108(bb), i.e., the salaries of the DeQueen Municipal Court Judge and Clerk. See A.C.A. § 16-17-108(bb) (Repl. 1994) (authorizing an annual salary of not less than $21,000 nor more than $30,000 for the Judge, and a $14,000 minimum for the Clerk). Both the City and the County are responsible for paying these salaries, and thus according to § 16-17-121, both may authorize increases to be paid from the municipal court cost fund. This must, in my opinion, be construed to mean that where both a city and a county are responsible for the salaries, both must authorize the increase. If only one pays the salaries, then that governing body may alone authorize an increase.
In response to your third question, certain budget items may be governed by statute. See, e.g., A.C.A. §§ 16-17-109 (Repl. 1994) (expenses relating to administering test for intoxication) and 16-17-210 (compensation for special judges). The particular subchapter under which the court was created should also be considered. See, e.g., A.C.A. § 16-17-303 (Repl. 1994) (regarding "fees, emoluments, or salary" of municipal judge in county-seat towns becoming cities of the second class).
With regard to budgetary items, generally, however, my research has disclosed no provision vesting authority in a specific governmental entity. It should perhaps be noted that those expenses which are "necessary and essential for the court to operate" will essentially be determined by the court, as neither the city nor the county possesses authority, as a constitutional matter, to deny such expenses. See generally Venhaus v.State. 285 Ark. 23, 684 S.W.2d 252 (1985).
To the extent a dispute exists with respect to a non-essential item submitted in the court's budget, it is my opinion that a reasonable argument exists in favor of input by both the city and the county where the court's expenses are shared by both political subdivisions. The issue is not clearly addressed, but many statutes governing control over municipal courts envision some type of shared power between the county and municipalities involved. I believe the Arkansas Supreme Court would be reluctant to allow one governmental entity to dictate non-essential expenses (not otherwise governed by statute) to another where the legislature has ordered that the expenses be "paid equally." A.C.A. § 16-17-108(bb). This is a question, however, that may ultimately require resort to the courts or legislative clarification.
It is my opinion that the answer to your fourth question is "yes."
In response to your final question. I lack sufficient information to identify, the controlling statute. There is a general provision authorizing the county-wide election of the municipal judge pursuant to city ordinance. See A.C.A. § 16-17-120 (Repl. 1994). Other Code sections may apply in the event the judge serves more than one municipal court. See A.C.A. §§ 16-17-101
(Repl. 1994) and 16-17-403 (Repl. 1994). Your question requires a review of these provisions with an eye toward the particular facts surrounding the establishment of the DeQueen Municipal Court and area(s) or judicial district(s) served.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1]I assume that your questions pertain to the DeQueen Municipal Court. You refer in your correspondence to the fact that the City of DeQueen and Sevier County split the salaries and expenses of the court. This is required under A.C.A. §16-17-108(bb) (Reel. 1994).
[2] See, e.g., A.C.A. §§ 16-17-107 (Repl. 1994), with regard to municipal court magistrates and 16-17-106 regarding deputy municipal court clerks.